IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| BEXAR DIVERSIFIED MF-1, LLC, d/b/a BEXAR MANAGEMENT, by and through its assignees, LUCKY HONORABLE DRAGON HOLDINGS, LLC SERIES 135E and MINSTAT HOLDINGS, LLC SERIES 135E, | § § § § § § § § | |
| Plaintiff, | § § | |
| v. | § § § | CIVIL ACTION NO. 5:22-cv-00033 |
| GENERAL STAR INDEMNITY COMPANY and ELIZABETH ORTIZ, | § § § § | |
| Defendants. | § | |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. § 1441, Defendant General Star Indemnity Company ("General Star") hereby removes the action styled and numbered *Bexar Diversified MF-1, LLC, d/b/a Bexar Management, by and through its assignees, Lucky Honorable Dragon Holdings, LLC Series 135E and Minstat Holdings, LLC, Series 135E v. General Star Indemnity Company and Elizabeth Ortiz*, Cause No. 2021CI25310, pending in the 150th District Court of Bexar County, Texas to the United States District Court for the Western District of Texas, San Antonio Division. For the reasons set forth below, removal of the state court action is proper under 28 U.S.C. §§ 1332, 1441, and 1446.

**I.
SUMMARY OF NOTICE**

1.     This lawsuit arises out of Plaintiff's claim for coverage under a commercial property insurance policy issued by General Star for storm damage purportedly sustained by a commercial property during a weather event allegedly occurring on May 27, 2020. By way of its petition, Plaintiffs – all citizens of the state of Texas – assert several common law and statutory

causes of action against General Star – a foreign insurance company that is not a citizen of the state of Texas.

2. In a transparent attempt to deprive this Court of diversity jurisdiction, Plaintiff's petition also asserts causes of action against an in-state independent insurance adjuster – Elizabeth Ortiz ("Ortiz") – for purported violations of the Texas Insurance Code and Texas Deceptive Trade Practices Act. But, as set forth below, Ortiz has been improperly joined as a defendant in this lawsuit. Plaintiff's petition fails to establish a viable basis for recovery against Ortiz because General Star expressly and unconditionally accepted any liability Ortiz might have to Plaintiffs prior to the filing of the instant lawsuit via letter dated November 11, 2021. Accordingly, this Court may disregard Ortiz's citizenship in determining its jurisdiction over this matter under 28 U.S.C. § 1332(a).

3. Because the amount in controversy in this case plainly exceeds $75,000, and complete diversity of citizenship exists between Plaintiffs and General Star – the only properly joined defendant in this lawsuit – removal of this action is proper under 28 U.S.C. § 1332(a).

## II.
## THE STATE COURT ACTION

4. On December 10, 2021, Plaintiffs filed an Original Petition in the 150th District Court of Bexar County, Texas; Cause No. 2021CI5310 against Defendants General Star and Elizabeth Ortiz.

5. According to the state court docket, General Star was served with Plaintiff's Original Petition on December 22, 2021. Defendant Elizabeth Ortiz was served on December 21, 2021. Thirty (30) days have not elapsed since Defendants General Star and Ortiz were served with the Summons and Plaintiff's Original Petition.

6. Though not required per 28 U.S.C Section 1446(b)(2)(A), and because she was improperly joined as a defendant in this action,[1] Defendant Elizabeth Ortiz, who is represented by the same counsel, consents to this removal.

### III.
### VENUE IS PROPER

7. Venue is proper in the United States District Court for the Western District of Texas, San Antonio Division, under 28 U.S.C. §§ 124(d)(3) and 1441(a) because this district and division embrace the place in which the removed action has been pending.

### IV.
### BASIS FOR REMOVAL

8. Removal of this action is proper under 28 U.S.C. § 1441 because it is a civil action brought in a state court and the federal courts have original jurisdiction over the subject matter pursuant to 28 U.S.C. § 1332.  Specifically, removal is proper because there is now, and was at the time this action was filed, complete diversity of citizenship between Plaintiffs and all properly joined defendants, and the amount in controversy exceeds $75,000 excluding interest and costs.

**A.  Removal is proper because complete diversity of citizenship exists between Plaintiffs and General Star.**

9. Plaintiff Bexar Diversified MF-1, LLC, d/b/a Bexar Management is a limited liability company organized under the laws of the State of Texas. The citizenship of an LLC is determined by the citizenship of all of its members.[2] To establish diversity jurisdiction, a party must specifically allege the citizenship of every member of every LLC.[3] Upon information and belief, Bexar Diversified MF-1, LLC, d/b/a Bexar Management is a Texas LLC with one member:

---

[1]   *See Rico v. Flores*, 481 F.3d 234, 239 (5th Cir. 2007).

[2]   *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008); *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990).

[3]   *MidCap Media Fin. LLC v. Pathway Data, Inc.*, 929 F.3d 310, 314 (5th Cir. 2019).

Shawn M. Rosenweig.[4] Further, upon information and belief, Shawn M. Rosenweig is a resident of San Antonio, Texas. Because its member resides in the State of Texas, Plaintiff Bexar Diversified MF-1, LLC, d/b/a Bexar Management is a citizen of Texas for purposes of diversity jurisdiction.

10. Plaintiff Lucky Honorable Dragon Holdings, LLC, Series 135E is a limited liability company organized under the laws of the State of Texas. The citizenship of an LLC is determined by the citizenship of all of its members.[5] To establish diversity jurisdiction, a party must specifically allege the citizenship of every member of every LLC.[6] Upon information and belief, Plaintiff Lucky Honorable Dragon Holdings, LLC, Series 135E is a Texas LLC with one member: Jason Hughes.[7] Further, upon information and belief, Jason Hughes is a resident of San Antonio, Texas. Because its member resides in the State of Texas, Plaintiff Lucky Honorable Dragon Holdings, LLC, Series 135E is a citizen of Texas for purposes of diversity jurisdiction.

11. Plaintiff Minstat Holdings, LLC, Series 135E is a limited liability company organized under the laws of the State of Texas. The citizenship of an LLC is determined by the citizenship of all of its members.[8] To establish diversity jurisdiction, a party must specifically allege the citizenship of every member of every LLC.[9] Upon information and belief, Plaintiff Minstat Holdings, LLC, Series 135E is a Texas LLC with one member: Scott Hughes.[10] Further, upon information and belief, Scott Hughes is a resident of San Antonio, Texas. Because its member

---

[4] <u>Exhibit D</u> [Bexar Diversified MF-1, LLC Certificate of Formation and 2018 Texas Franchise Tax Public Information Report].

[5] *Harvey*, 542 F.3d at 1080; *Carden*, 494 U.S. at 195-96.

[6] *MidCap Media*, 929 F.3d at 314.

[7] <u>Exhibit E</u> [Lucky Honorable Dragon Holdings, LLC Certificate of Formation and Certificate of Correction].

[8] *Harvey*, 542 F.3d at 1080; *Carden*, 494 U.S. at 195-96.

[9] *MidCap Media*, 929 F.3d at 314.

[10] <u>Exhibit F</u> [Minstat Holdings, LLC Certificate of Formation, Certificate of Amendment, and Certificate of Correction].

resides in the State of Texas, Plaintiff Minstat Holdings, LLC, Series 135E is a citizen of Texas for purposes of diversity jurisdiction.

12. Defendant General Star is an insurance company incorporated in the State of Delaware with its principal place of business in Connecticut. General Star is thus a citizen of both Delaware and Connecticut for diversity jurisdiction purposes.

13. Defendant Ortiz is an individual domiciled in the State of Texas and, therefore, is a citizen of Texas for diversity jurisdiction purposes. However, this Court may disregard Ortiz's citizenship, because Plaintiffs have improperly joined Ortiz as a defendant in this action in efforts to defeat this Court's jurisdiction. As set forth below, there is no possibility that Plaintiffs will be able to establish a cause of action against Ortiz in this matter.

14. Based on the foregoing, there is now, and was at the time this action was filed, complete diversity of citizenship between Plaintiffs and all properly joined defendants.

**B. Plaintiffs improperly joined Elizabeth Ortiz as a defendant to defeat this Court's jurisdiction.**

15. Defendant Ortiz has been improperly joined as a defendant in this action, and her citizenship should be disregarded for purposes of diversity jurisdiction. A court must disregard the citizenship of a non-diverse party if the removing defendant shows improper joinder by either: (1) "actual fraud in the pleading of jurisdictional facts"; or (2) "inability of the plaintiff to establish a cause of action against the non-diverse party in state court."[11] Under the second method, the removing defendant(s) must demonstrate "there is no possibility of recovery by the plaintiff against [the] in-state defendant, which, stated differently means that there is no reasonable basis for the district court to predict that that the plaintiff might be able to recover against [the] in-state defendant."[12]

---

[11] *Smallwood v. Ill. Cent. R.R. Co.*, 385 F. 3d 568, 573 (5th Cir. 2004).

[12] *Id.*

16.     Here, Plaintiff's Original Petition fails to establish a reasonable possibility of recovery against Ortiz because Plaintiffs lack a valid claim upon which relief may be granted as to Ortiz under Texas law. Plaintiff's lawsuit is governed by Chapter 542A of the Texas Insurance Code, which applies to actions on first-party insurance claims arising from alleged damage to covered property caused by "forces of nature," such as "a flood, a tornado, lightning, a hurricane, hail, wind, a snowstorm, or a rainstorm."[13]

17.     Under Chapter 542A, an insurer "may elect to accept whatever liability an agent might have to the claimant for the agent's acts or omissions related to the claim by providing written notice to the claimant."[14] When an insurer makes such an election, "the court shall dismiss" the action against the agent with prejudice.[15] Further, an insurer "may not revoke, and a court may not nullify, [the] insurer's election."[16]

18.     It is undisputed that General Star – via a letter dated November 11, 2021 – elected to accept whatever liability its agents (expressly "including but not limited to Elizabeth Ortiz od Paul R. White & Company, Inc., as well as Paul R. White & Company, Inc.") might have to Plaintiffs in connection with the property insurance claim made the basis of this lawsuit.[17] Such notice was provided a month prior to the filing of this lawsuit on December 10, 2021.

19.     Because General Star provided Plaintiffs with written notice of its election of legal responsibility for Ortiz under section 542A.006, the statute mandates that all causes of action asserted against Ortiz be dismissed with prejudice. As a result, there is no possibility that Plaintiffs might recover against Ortiz on any of the causes of action pleaded in Plaintiff's Original Petition,

---

[13]    TEX. INS. CODE ANN. § 542A.001(2).

[14]    TEX. INS. CODE ANN. § 542A.006(A).

[15]    *Compare* TEX. INS. CODE § 542A.006(b) *with* § 542A.006(c).

[16]    TEX. INS. CODE § 542A.006(f).

[17]    *See* Exhibit C [November 11, 2021 Letter].

and this Court should disregard Ortiz's citizenship for purposes of 28 U.S.C. Section 1332(a).

## V.
## AMOUNT IN CONTROVERSY

20. If it is facially apparent that Plaintiff's claims exceed the jurisdictional amount, General Star's burden is satisfied.[18]

21. Here, Plaintiff's Original Petition states that Plaintiff is "seeking monetary relief over $250,000, but not more than $1,000,000."[19] Further, Plaintiff's Petition states that Plaintiff seeks "actual damages of $374,937.58," plus statutory penalties, punitive and exemplary damages, and attorneys' fees.[20] It is thus facially apparent that Plaintiff's claims exceed this Court's jurisdictional threshold of $75,000.

22. Because there is complete diversity among the parties and the amount in controversy requirement is satisfied, this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a). Removal is therefore proper.

## VI.
## COMPLIANCE WITH 28 U.S.C. § 1446

23. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice will be promptly filed with the clerk of 150th District Court of Bexar County, Texas.

24. Pursuant to 28 U.S.C. Section 1446(a), a copy of each of the following are attached to (or filed with) this Notice of Removal:

   a. the docket sheet in the state court action as **Exhibit A**; and

---

[18] *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

[19] *See, e.g.,* Exhibit B-1 [Plaintiff's Original Petition] at p. 1.

[20] *Id.* at p. 10-11.

b.  all process, pleadings, and orders filed, issued, or entered in the state court action (as separate attachments arranged in chronological order according to state court filing date as **Exhibit B**);

c.  November 11, 2021 Letter—identified as **Exhibit C**;

d.  Bexar Diversified MF-1, LLC Certificate of Formation and 2018 Texas Franchise Tax Public Information Report—identified as **Exhibit D**;

e.  Lucky Honorable Dragoon Holdings, LLC Certificate of Formation and Certificate of Correction—identified as **Exhibit E**; and

f.  Minstat Holdings, LLC Certificate of Formation, Certificate of Amendment, and Certificate of Correction—identified as **Exhibit F.**

25. Defendant also attaches Defendant General Star Indemnity Company's Rule 7.1 Disclosure Statement as **Exhibit G.**

26. Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice will be given to all adverse parties promptly after the filing of this Notice.

## VII.
## JURY DEMAND

27. Plaintiff demanded a jury trial in its Original Petition.

## VIII.
## CONCLUSION

28. WHEREFORE, General Star requests that this action be removed from the 150th Judicial District Court of Bexar County, Texas, to the United States District Court for the Western District of Texas, San Antonio Division, and that this Court enter such further orders as may be necessary and appropriate.

Respectfully submitted,

**ZELLE LLP**

By:   */s/ Lindsey P. Bruning*
    Lindsey P. Bruning
    Texas Bar No. 24064967
    lbruning@zelle.com

901 Main Street, Suite 4000
Dallas, Texas 75202-3975
Telephone:   214-742-3000
Facsimile:    214-760-8994

**ATTORNEY FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing has been served on the following counsel of record in accordance with FEDERAL RULES OF CIVIL PROCEDURE on this 14th day of January 2021:

Robert W. Loree
Texas Bar No. 12579200
LOREE & LIPSCOMB
777 East Sonterra Blvd., Suite 320
San Antonio, Texas 78258
Tel:   (210) 404-1320
Fax:   (210) 404-1310
rob@lhllawfirm.com
*Attorney for Plaintiffs*

                          */s/ Lindsey P. Bruning*
                            Lindsey P. Bruning